# THE ATTORNEY GENERAL
## OF TEXAS
~~JBorsen Sellers~~
~~XXXXXXXXXXXXX~~ ~~GENERAL~~


Honorable Claude Isbell
Secretary of State
Austin, Texas

Attention: J. L. McGarity

Dear Sir:

Opinion No. O-6856

Re: Whether the purpose clause of
the proposed corporation in-
cludes more than one authorized
purpose

Your letter written April 26, 1946, was received by this
office on May 1, 1946, and we quote same as follows:

"On the 8th day of September, 1945 the above
mentioned corporation filed its charter in this office.
It stated in Section 2 of such charter that its purpose
was as follows: 'The purpose for which it is formed
is to buy, sell and otherwise deal in aeroplanes, and
to operate, or have operated any such machines for the
purpose of carrying passengers and freight, or either,
including United States mail, from and to any point in
this State, and subject to the laws thereof, to and from
any point in any State of the United States, or any for-
eign country, with the right to acquire, by purchase or
otherwise, and to maintain all necessary starting and
lighting grounds and fields.'

"On April 23, 1946, the directors of this corporation
presented us with a proposed amendment to the charter of
such corporation and a photostatic copy of such is here-
to attached. You will note that this proposed amendment
to the Charter of such corporation increases its capital
stock from $10,000 to $25,000 and that such proposed
amendment also proposes to amend Section 2 of the said
charter in the manner stated beginning with the third
paragraph of the second page of such proposed amendment.

"We are of the opinion that the proposed change in
the purpose clause, while not contravening the provisions
of Article 1314, would, if filed in this office, authorize
the said corporation to engage in two purposes.

"Please be further advised that with this proposed
amendment the directors of this corporation filed with
us a proper affidavit evidencing the subscription for
and payment of all of the proposed increase of the cap-
ital stock and tendered to us a proper fee in the sum

purpose clause is in order, this proposed amendment should be properly filed.

"Will you, therefore, please advise us whether or not, in your opinion, the proposed purpose clause in this amendment is dual in nature and whether this office should file such proposed amendment."

The corporation here has offered an amendment to the purpose clause of their original charter pursuant to the provisions of Article 1314, V.A.C.S. The question you present is whether this amendment has been framed in accordance with the authorized statutory purpose as contained in Section 78 of Article 1302, V.A.C.S., or whether the amendment is dual in nature and incorporates more than one purpose, the latter being contrary to the well-settled law of this State as demonstrated in the case of Johnston v. Townsend, 124 S.W. 417, 103 Tex. 122.

We quote below first, the amendment to the purpose clause here proposed and, secondly, the statute under which it was drawn, for a direct comparison:

"Section 2. The purpose for which this corporation is formed is: To sell and otherwise deal in aircraft of all kinds, to operate aircraft for carrying passengers, freight and United States mail within the State of Texas, and to and from any point in any State of the United States; to acquire and maintain airports and starting and lighting fields; to repair aircraft, aircraft engines, aircraft instruments and appliances; to buy and sell at wholesale and retail aircraft appliances, parachutes, instruments and parts; to instruct persons in flying and the mechanics and maintenance of aircraft engines; to rent, lease and charter aircraft; to sell fuel, oil and grease for aircraft engines." (Underscoring ours)

"Article 1302, § 78. To construct, build and manufacture aeroplanes, including all classes of flying machines, to buy, sell and otherwise deal therein, and to operate, or have operated any such machines for the purpose of carrying passengers and freight, or either, including United States mail, from and to any point in this State, and subject to the laws thereof, to and from any point in any State of the United States, or any foreign country, with the right to acquire, by purchase or otherwise, and to maintain all necessary starting and lighting grounds and fields. Acts 1919, p.9."

It is readily seen that the above underlined wording in the purpose clause of the corporation is NOT expressly authorized by the wording in the statute, and it is only with these words that we are directly concerned here.

It is the law in this State that the purpose should be set out with sufficient clearness and definiteness to enable the Secretary of State to determine whether such purpose is one authorized by statute. Johnston v. Townsend, 124 S.W. 417, 103 Tex. 122. In determining the scope of the various purposes enumerated in Article 1302, V.A.C.S., the general rules of statutory a substantial compliance with the incorporation acts relating to the purpose of the proposed corporation is necessary. Smith v. Wortham, 157 S.W. 740. If the

charter of the proposed corporation clearly states a purpose provided for by one of the provisions of the statute, the Secretary of State must file it. But if the purpose clause goes further and is so inclusive that it contains two purposes listed in two separate subdivisions of Article 1302, V.A.C.S., the Secretary of State should refuse to file the charter.

Without entering into a discussion of implied and incidental powers which are included with every grant of corporate purpose, it is our opinion that the purchase and sale of all aircraft parts and appliances (including parachutes) together with their repair, the sale of aviation fuel, oil and grease and the rent, lease and charter of aircraft are all reasonably within the scope of the purpose enumerated in section 78 of Article 1302, supra, and are in substantial compliance with the provisions thereof.

However, there is one portion of the purpose clause amendment which we do not believe may reasonably be included within the scope of the business as authorized by Section 78, supra. It is as follows: ". . . to instruct persons in flying and the mechanics and maintenance of aircraft engines."

Instructions in flying and the mechanics of aircraft as administered by a school which is generally open to the public is educational in nature and comes within that purpose as authorized by statute; namely, Sections 2 or 185 of Article 1302, V.A.C.S. (See opinion of this department numbered O-4442 dated March 4, 1942, holding the Harmon Flying School to be an educational institution under Section 2 of Article 1302, V.A.C.S.). From facts recently submitted to this office by a representative of the corporation here, it is our belief that the school contemplated is one of this nature, and as such, creates a dual purpose in the purpose clause amendment.

Consequently, it is our opinion that the amendment of the purpose clause here proposed has, by its provision relative to instructions in flying and the mechanics of aircraft, incorporated two purposes which is prohibited by law and therefore said amendment should not be filed by your office.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Jack K. Ayer
    Jack K. Ayer
    Assistant

JKA/djm/lh:jrb

Approved: May 23, 1946
/s/ Grover Sellers
Attorney General of Texas

Approved: Opinion Committee
/s/ B/B, Chairman